## Stephen W. Cox v. City of Chicago.

1. Evidence—*Of Accident Insurance in Personal Injury Cases.*— In an action for personal injuries resulting from a defective sidewalk, it is error to admit testimony showing that at the time of his injury the plaintiff was carrying an accident insurance policy, and that the insurance company paid him $150 on account of his injury.

2. Instructions—*Error in, May Be Waived.*—Under the evidence in this case it was error to instruct the jury that the plaintiff could not recover for any loss of time or loss of money that may have resulted from the alleged accident; nor is he entitled to recover for any pecuniary loss resulting from disability, if any, to attend to his profession or business, nor for any expenses, if any, incurred in endeavoring to be cured of his alleged injuries; but such error was cured by stipulations or admissions, or other controlling facts in the record.

Action in Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Opinion filed July 11, 1899.

A. B. Chilcoat and King & Grosse, attorneys for appellant.

Cox v. City of Chicago.

MILES J. DEVINE and QUIN O'BRIEN, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

March 5, 1896, in the early evening, appellant stepped into a hole in the sidewalk on Nassau street, Chicago. He fell and was injured. It was a plank walk, and the hole was caused by one of the planks being broken near the center of the walk. The walk was about thirty inches above the ground. The hole in the walk was less than 200 feet from appellant's residence.

December 21 and 22, 1895, there was a hole in this walk at the place where appellant was injured. While the walk was in that condition, and about January 1, 1896, appellant passed over the place. About January 22, 1896, a board or plank was nailed into the place where the plank had been broken which occasioned the hole. "About a week and a half" afterward that board was broken and there was again a hole in the walk in the same place as before. Who caused the walk to be repaired does not appear. That appellant stepped into this hole, and was more or less injured, is not denied.

About December 22, 1895, one of the city policemen was notified of the existence of the hole then in the sidewalk in question. Whether that is in law a notice to the city it is not necessary here to consider, because after that, and before appellant was injured, the walk was repaired. There is no evidence of any notice to the city of the break which caused the hole after the walk had been repaired.

The questions of actual notice and of presumptive notice to the city were fully and fairly submitted to the jury by the instructions of the court. It is, however, contended by counsel for appellant that the court erred in refusing to give the fifteenth instruction asked by them, relating to the duty of the city as to the care of sidewalks. Whether this instruction is correct it is not necessary to here inquire. The propositions contained in that instruction are fully covered by appellant's twelfth, thirteenth and fourteenth instructions.

Counsel for appellant contend that it was error to refuse their sixteenth instruction. We think not. That instruction relates entirely to an alleged negligence on the part of the city in not providing a hand-rail or guard at that part of the walk where appellant was injured. There is no evidence tending to show that appellant was injured because of the absence of such a hand-rail. Even if the city was negligent in that regard, yet if appellant was not injured by reason of such negligence, he could not recover on account thereof. To entitle appellant to recover he must show that the negligence of the city was the proximate cause of the injury complained of. And, besides, this instruction omits the element of care and caution on the part of appellant. It was properly refused.

At the time of his injury appellant was carrying an accident insurance policy. Appellee was allowed to prove, against the objection of appellant, that the insurance company paid to appellant $150 on account of his injury. The court also instructed the jury as follows, viz.:

"The court instructs the jury that under the evidence in this case, the plaintiff can not recover for any loss of time or loss of money that may have resulted from the alleged accident; nor is he entitled to recover for any pecuniary loss resulting from disability, if any, to attend to his profession or business, nor for any expenses, if any, incurred in endeavoring to be cured of his alleged injuries."

The admission of such testimony and the giving of that instruction are clearly erroneous unless waived or cured by stipulations or admissions, or other controlling facts in the record.

Counsel for appellee, in their brief, cite to this court, from the record, numerous statements and admissions by attorneys for appellant at the time of the trial and in the presence of the jury. None of these appear in the abstract of record filed by counsel for appellant. When considered in connection with these statements and admissions as to certain items mentioned in said instruction, and in the absence of any testimony tending to show damage to appellant for the other items embraced in said instruction, the giving of such instruction was not an error.

Said instruction, and the testimony to which objection is made, relate only to the question of damages. The jury found that the city was not liable for any damages. The questions as to negligence on the part of the city, and the exercise of due care and caution on the part of appellant, being fully presented to the jury under the instructions of the court, the jury must have found the issues upon these questions in favor of appellee. That being so, any error in the instructions or in the admission of testimony pertaining solely to the question of the amount of damages, if there was any such error, is not a ground for reversal.

The trial court and the jury saw the parties and the witnesses, and heard the testimony and the statements and admissions of counsel. We see no ground which would warrant us in setting aside the verdict of the jury and the judgment of the trial court.

The judgment of the Superior Court is affirmed.