## Consolidated Coal Company of St. Louis v. Robert Shepherd.

1. QUESTION BY COURT—*when, improper in form.* Where the issue before the court is as to what the defendant in the exercise of ordinary care was required to do, it is improper for the court to ask a witness as to what " could have been done " by such defendant.

2. CONDUCT OF TRIAL COURT—*effect of asking improper question.* Where the court asks an improper question, its effect is ordinarily more serious than where such question is put by counsel with the sanction of the court, and error will, therefore, the more readily arise therefrom.

3. ACCIDENT BENEFITS—*when evidence of, incompetent.* It is incompetent in an action on the case for personal injuries to show that the plaintiff during his disability received accident benefits from an accident association.

4. MEASURE OF DAMAGES—*when instruction upon, in personal injury case, is improper.* An instruction stating to the jury the elements which may enter into their verdict in an action on the case for personal injuries, is erroneous where it permits them to award such sum as in their " judgment " will fairly compensate the plaintiff.

5. FELLOW-SERVANT RULE— *when instruction pertaining to, is properly refused.* An instruction which tells the jury that if they believe from the evidence that the plaintiff was injured by the negligence of a fellow-servant or by the negligence of himself combined with that of a fellow-servant, is properly refused, where the party asking the same has requested no instruction telling the jury what constitutes a fellow-servant.

Consolidated Coal Co. v. Shepherd.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the August term, 1903. Reversed and remanded. Opinion filed March 10, 1904.

W. S. LOUDEN, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This suit was brought by appellee against appellant in the Circuit Court of St. Clair County to recover damages for injuries received while working as a coal miner in the employ of appellant. Appellant was operating a coal mine in Clinton County, and appellee was at the time of the injury, and for four years prior thereto had been, in its employ as a miner. In this mine there was a main entry running east and west, known as the 4th west entry. From this, rooms were opened to the north and numbered consecutively from the east. In considering the evidence in this case we are concerned chiefly with rooms 10, 11, and 12, which, in plan of development contemplated, are parallel north and south. Under the plan of development from the main entry, the rooms were laid out by measurement, sixty-five feet from center to center, a space sufficient for the open mine of thirty-five feet, with supporting pillars or walls between, of thirty feet.

In the operation, the miner beginning on the north side of the main entry at the center point designated, first made an opening twelve feet wide which he maintained for the distance of eighteen feet, after which the room was gradually and equally widened on each side until the space of thirty or thirty-five feet, the proper width of the room, was obtained. The method contemplates the development of the different rooms in parallel lines toward the north, so that the intervening walls or pillars between them should be of uniform thickness, thirty feet. Appellee with one other miner worked in room 11, and had been at work there from the start, two years prior to the injury. Other miners at the same time and for a like period worked in rooms 10 and

12, next adjacent to room 11, on the east and west, respect-ively.   In the development of room 11 by appellee and his associate miner, Morgan J. Recce, they first diverted the course of excavation to the right or east, which increased the thickness of the pillar between 11 and 12, and lessened that between 10 and 11.   When this was discovered at a depth of about 110 feet from the main entry, the course of excavation was directed to the opposite side, that is, toward the left or west, the effect of which was to increase the pil-lar between 10 and 11 and in like proportion to diminish that between 11 and 12, the room space being maintained throughout at substantially thirty-five feet as required. Excavation on the line tending to the left was continued for several months and up to the time of the injury, by which course the pillar, the wall between 11 and 12, was reduced to a thickness of only six feet, room 12 having been exca-vated in direct line north from the entry.

On the 23rd day of August, 1902, while the appellee was at work near the north end of room 11, a miner working in room 12, fired a shot or blast which blew through the wall into room 11 where appellee was at work, causing the coal to strike appellee's ankle, whereby he was injured.   In view of conclusions reached in this case, further or a more detailed statement of the facts is unnecessary.

The declaration contains two counts.   The first charges the defendant with negligence in failing to provide safe and sufficient means, by and with which, the plaintiff could and would know how, and in what direction, to drive the room in which he was at work, so that it would not run into or connect with parallel rooms driven or excavated by other miners, and in permitting the plaintiff to work without pro-viding such means, and in failing to give plaintiff instruc-tions as to the direction to drive the room.   The second count charges negligence in failing to provide and maintain a safe place for the plaintiff to work.

The defendant pleaded the general issue.   The case was tried by a jury and resulted in a verdict of $1,000 for plaint-iff, to which a remittitur of $200 was entered, and judgment rendered for $800, from which the defendant appealed.

Consolidated Coal Co. v. Shepherd.

There was sharp conflict of testimony upon material questions raised by the pleadings.    The preponderance required to support the verdict is not clearly manifest from this record upon all points contested, and though the verdict must control, where there is any evidence tending to support material allegations, a fair trial, in a close or doubtful case, requires a record free from substantial error calculated to prejudice or influence the jury.    Considering the errors in the order of their argument by appellant, we have (1) the rulings of the trial court in the admission and exclusion of testimony; (2) in the giving and refusing of instructions; and (3) in denying motion for new trial on the ground that the verdict is against the weight of the evidence.

Over the objection of defendant the plaintiff when on the stand was asked and permitted to answer the question : "What means within your knowledge are there for the government of the men in the development of the rooms in reference to the directions ? "    The question was not improper in the form put by counsel, but the substitute question by the court, " What could have been done that he knows of ? " was error, made clearly apparent by the answer, " There could have been what is commonly called a sight."    The question was, not what could have been done in the opinion of the witness, but what the defendant was required to do in the exercise of ordinary care; and this was for the jury to determine from the evidence confined to that issue.    The effect of testimony elicited by an improper question from the court is more effective to impress and mislead a jury than when in response to questions by counsel.    In any view we may take of this particular question and others in the same line of investigation, it was highly essential to prove that other means than those used in this mine were of the common and approved methods, adopted and used in other mines.    Without such proof this line of testimony was highly misleading and prejudicial and we think the exception was saved by the general objection. The testimony offered by defendant, that plaintiff received money of an accident association during disability, was

properly excluded by the court. It had no legitimate bearing as evidence either in defense or rebuttal. Cox v. Chicago, 83 Ill. App. 540.

The court gave only one instruction for the plaintiff, as follows: "The court instructs the jury that if from the evidence they find in favor of the plaintiff in this case, then in determining the amount of plaintiff's damages they should take into consideration, and allow for, the physical pain and suffering, if any, you may believe from the evidence the plaintiff has suffered in consequence of the injuries complained of in this case, and give him such sum as in your judgment would fairly compensate him." This instruction alone and unqualified by any other in the case, stating the law and directing the jury as to the measure of damages, was erroneous. In the light of the evidence as to the character and extent of injury complained of, the jury should have been limited by the instruction to award only such sum in damages as was warranted by the evidence. Their judgment without such limitation in such a case would not be in conformity with law. In view of the giving of this instruction the verdict may be regarded as the judgment of the jury upon the question of damages without reference to the evidence. I. C. R. R. Co. v. Farrell, 86 App. 436; N. C. Rollg. M. Co. v. Morrissey, 111 Ill. 646; Brink's C. C. Express Co. v. Herron, 104 App. 269. The instruction is open to criticism in other respects contended for by appellant, but the serious objection is in the latitude given the jury in fixing the amount of damages.

Of errors in refusing instructions, the argument of appellant is confined to defendant's third refused. It reads: "The court instructs the jury that if you believe from the evidence that the injuries complained of and inflicted upon the plaintiff were caused by the negligence of a fellow-servant or the negligence of a fellow-servant and himself, then the defendant is not liable for such injuries and your verdict should be for the defendant." As contended by appellee, to give this instruction without at the same time instructing the jury as to what constitutes a fellow-servant, within the

meaning of the law, would be improper, and the court was justified in refusing it.

For the errors in the admission of testimony and in giving the instruction for the plaintiff, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*