## Consolidated Coal Company of St. Louis v. Robert Shepherd.

1. VERDICT—*when not disturbed.* The Appellate Court will be slow in disturbing a verdict as against the weight of the evidence where three juries have reached the same conclusion.

2. VERDICT—*when not excessive.* A verdict for $2,000 while large is not so excessive as to warrant a reversal where the evidence showed that at the time of the injury the plaintiff was about twenty-eight years of age, was injured in the right ankle and foot, was incapacitated for work for upwards of thirty-eight days, and where the use of his foot was to some extent permanently impaired.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the HON. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

LOUDEN & CROW, for appellant.

WEBB & WEBB, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit against appellant for injuries sustained by him while mining coal in appellant's mine at Breeze, Illinois, on August 23, 1902, and recovered a judgment for $800.

The case was brought to this court by the Coal Company and reversed on account of the admission of improper evidence and an error in instructions (Consolidated Coal Company v. Shepherd, 112 Ill. App. 458). At a subsequent trial in the Circuit Court, appellee obtained a verdict in his favor for $2,000, which was set aside by the court, and a new trial awarded. The case was again tried and appellee again obtained a verdict for $2,000. On this occasion the

motion for a new trial was overruled and judgment having been entered for the amount of the verdict, the case is again brought here by the Coal Company for review.

Counsel for appellant suggest in their statement of the case many reasons for reversal, but they confine themselves in their argument to claiming that the proof does not sustain the verdict, that the damages are excessive and that the court erred in modifying instruction number eleven and refusing to give instruction number fifteen offered by appellant. A statement of the issues involved and the facts in the case can be had by reference to our former opinion, there being no change in the issues and substantially none in the facts in the two records presented to us.

Appellant insists that the injury occurred through the negligence of appellee and his fellow-servant, Rees, in so directing the course of their work of excavation as to cause the pillar of coal between the room in which they were working and the one to the west of them to become too thin for the safety of miners working in those rooms. On the other hand, appellee claims that he and Rees were directed to proceed in the line of excavation in which they were carrying on their work by the mine manager, who never at any time directed them to make any change of direction, but that when he was asked by appellee to visit the room to see how the work was going on, said, " Your room is all right, just go right on."

There is a conflict of evidence upon the material questions in issue, but as there was evidence tending to make out a case for appellee and three juries have determined the question of fact involved in his favor, we will not now question the correctness of their finding upon the facts.

The proofs show that at the time appellee was injured he was about twenty-eight years of age; that he was injured in the right ankle and foot; that he was laid off from work thirty-eight or thirty-nine days; that he then returned to work in appellant's mine, but found he could not do the work and was compelled to quit coal mining on account of his injuries; that the use of his foot is permanently impaired

Consolidated Coal Co. v. Shepherd.

to some degree and that he has now and will probably continue to have more or less pain in his ankle. While the damages allowed are large, yet we cannot say they are so excessive as to warrant a reversal of the judgment on that account alone.

The eleventh instruction offered by appellant told the jury, that if the system adopted for developing the room in the mine where plaintiff was working, was dangerous and that plaintiff knew of such danger, or by the exercise of ordinary care might have known thereof, plaintiff assumed the risk of injury to himself arising from the use of such system. The court modified this instruction by adding, "If you further believe from the evidence that he voluntarily undertook to develop said room."

Appellee based his case upon the claim that he was proceeding in the development of his room in the mine under the direction of the mine manager; that the mine manager had control of such matters; that he told appellee that he knew of the conditions existing in his room; that he directed appellee to proceed in the direction in which he was going and that appellee had a right and did rely upon the directions given him by the manager. It was therefore proper for the court to modify the instruction in the manner set forth.

Instruction number fifteen offered by appellant was properly refused, because it ignored the question as to whether or not appellee at the time he was injured, was working under and relying upon the directions given him by the mine manager.

The judgment of the court below will be affirmed.

*Affirmed.*