**International Forwarding Company, Defendant in Error, v. C. R. Horrie, Plaintiff in Error.**

**Gen. No. 15,357.**

1. TRIAL—*what conduct of court improper.* It is improper for the court extensively to examine upon direct the witnesses produced by a party and such conduct if prejudicial is ground for reversal.

2. TRIAL—*when remarks of judge will not reverse.* Notwithstanding the trial court may have exceeded his province in expressing his opinions in the presence of the jury, a reversal will not be ordered if no substantial injustice appears to have been done.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed November 10, 1910.

JOHN A. SWANSON, for plaintiff in error; AARON HEIMS, of counsel.

ALBERT H. FRY, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The plaintiff's claim in this case is stated to be for services rendered and money advanced for defendant's use. The amount claimed is $10.15. The defendant in open court tendered in payment the sum of $7.75, which was paid into court. The trial court gave judgment in plaintiff's favor for the full amount of the plaintiff's claim. The defendant asks us to reverse that judgment, the difference between the amount claimed by plaintiff and for which it has judgment and the amount which defendant asserts is due, being $2.40.

The defendant's contention is that against his wishes a party in Spain from which he purchased seventeen gallons of sherry, at a cost of $5.95, forwarded it by the plaintiff. The latter's bill, including freight from Cadiz, Spain, to Chicago, "I. T. entry fee," customhouse blanks and marine insurance, together with "fees for services in connection with the above transportation" of $2.79, make up the plaintiff's bill of $10.15, for which it brought this suit.

The defendant's reasons for asking us to reverse the judgment are that under the evidence the plaintiff was not entitled to recover the extra $2.40 over and above the amount tendered, that the trial judge erred in examining the witnesses himself, and that "the remarks of the judge in the presence of the jury concerning the effect of the evidence and his intimations as to the facts in the case, constituted reversible error." As to the first of these contentions the jury did not agree with defendant's views that the $2.79 for plaintiff's fees was an overcharge. It must suffice to say that there is evidence tending to show that the usual charge for such services is from $2.50 to $3 on such shipment. The charge could scarcely be deemed excessive, even under defendant's evidence, and we should not be expected to review evidence in detail in support of this conclusion in a case such as this:

That in examining the witnesses himself to the ex-

tent shown in this cause and in certain remarks which the record shows the trial court indulged in, there was an overstepping of the province of the presiding judge, may we think be conceded. It is true, as said in Consolidated Coal Co. v. Sheperd, 112 Ill. App. 458, that "testimony elicited by an improper question from the court is more effective to impress and mislead a jury than when in response to questions by counsel." The subject is considered in Dunn v. The People, 172 Ill. 582-595, in O'Shea v. The People, 218 Ill. 352-360, to which reference may be had, and in quite a number of other cases.

Upon the third contention, it is true as said by Justice Gary in Kane v. Kinnare, 69 Ill. App. 81-83, "Many judgments have been reversed in this state because the judge talked too much. The cases may be readily found by consulting the digests." As said in Andreas v. Ketcham, 77 Ill. 377: "We are aware of no rule of law or practice that would allow the presiding judge to give to the jury his opinion on a controverted question of fact." In this case however it is clear that no substantial injustice has been done. It would be inexcusable for obvious reasons to encourage appeals in cases of this character. The amount involved is absurdly small in comparison with the expense incurred in prosecuting the appeal, and no principle of importance is involved.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*