In re the MARRIAGE OF Tanna M. LOWRY and Charles P. Lowry.

Upon the Petition of Tanna M. Lowry, n/k/a Tanna M. Corrigan, Appellee,

And Concerning Charles P. Lowry, Appellant.

No. 89–623.

Court of Appeals of Iowa.

Dec. 21, 1989.

Paul R. Huscher and Brent R. Zimmerman, Des Moines, for appellant.

G. Michael Kealhofer of Spellman, Spellman, Spellman, Spellman, Kealhofer & Spellman, Perry, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

OXBERGER, Chief Judge.

This is an appeal and cross-appeal from a district court modification decree increasing child support.

The marriage of Tanna Lowry and Charles Lowry was dissolved by decree on May 28, 1975. Tanna was given custody of the parties' two minor children, Anthony and Cindy, and Charles was required to pay child support of $75 per month, per child. On March 6, 1981, a "Consent Decree" was entered pursuant to the parties' agreement for Charles to have the children from March 1 to August 30, 1981, and suspending his support payments for that period of time. On August 24, 1981, a second "Consent Decree" was entered pursuant to the parties' agreement that Charles have custody of the parties' son, Anthony, that his support obligation for Cindy was in the amount of $75 per month and that Cindy was not required to pay support to Charles with regard to Anthony. Anthony returned to live with his mother in June of 1982. Since 1982, Anthony has become an adult and is no longer subject to any support obligation. Cindy, born April 24, 1972, remains subject to a support obligation.

On August 1, 1988, Tanna filed a petition to modify the decree with regard to child support for Cindy. Charles agreed that an increase in support was justified and on November 9, 1988, made an offer to confess judgment increasing child support from $75 per month to $150 per month commencing in August 1988. Tanna rejected this offer and the case proceeded to trial.

Following a hearing, the district court entered its findings of fact and conclusions of law. The court noted that Charles resides in Omaha and is an executive for a corporation earning a substantial salary. Charles projected his 1989 adjusted gross income to be approximately $72,143. Charles' income has fluctuated over the past few years but still represents a substantial increase from 1975. Tanna is employed as a nurses aide and earned gross wages of $6,667 in 1987. Both Tanna and Charles have remarried.

Based on its findings, the district court ordered Charles to pay Tanna beginning with the month of August 1988 the sum of $500 per month for child support. The support payments were to continue until Cindy completes her senior year of high school: in the event Cindy continues her education without interruption to obtain her high school diploma or equivalency degree, Charles' support obligation shall continue until such time as such degree is obtained and Tanna shall provide to Charles proof of the continuation of such education.

Charles appealed this modification decree and Tanna has filed a cross-appeal.

■ Our scope of review is de novo. Iowa R.App.P. 4. Although not bound by the trial court's determination of factual findings, we will give considerable weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). Prior cases, though helpful, have little precedential value since we must base our decision here primarily on the particular circumstance of the parties presently before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

■ It is well established that both parents have a legal obligation to support their children. Iowa Code § 598.21(4); *In re Marriage of Fleener*, 247 N.W.2d 219, 221 (Iowa 1976). The obligation to support should be apportioned according to the ability of each parent to contribute. *In re Marriage of Bornstein*, 359 N.W.2d 500, 504 (Iowa App.1984). In establishing child support the courts are to consider the financial resources of the child; the financial resources of both parents; the standard of living the child would have enjoyed had there not been a dissolution; the desirability of awarding the family home or the

right to live in the family home for a reasonable period to the party having physical care of the child; the physical and emotional health needs of the child; the child's educational needs; the tax consequences to each party; the amount and duration of any spousal support orders; and such other factors that the court may determine to be relevant in an individual case. *In re Marriage of Byall*, 353 N.W.2d 103 (Iowa App. 1984).

The Iowa Supreme Court on September 29, 1989, entered an order prescribing uniform child support guidelines pursuant to federal Family Support Act of 1988, Pub.L. No. 100–485. The guidelines state that monthly income means gross income less certain deductions. Charles testified his 1989 income would be $72,000 or $6,000 per month. We find, after allocating the required deductions, his net pay is $51,600 annually or $4,300 monthly.

Tanna's gross income for 1988 was $6,930. Her net monthly income, after allowing for the required deductions, is $532.00.

Tanna's husband's income is not relevant. In *Mears v. Mears*, 213 N.W.2d 511, 518 (Iowa 1973), the court said the stepparent's income is only relevant "to the extent their [stepchildren] being in his home may have increased the cost of their maintenance by reason of a higher living scale than that experienced during the marriage of their father and mother."

The guidelines chart provides that Charles' obligation for child support for one child is 21.3 percent of his net monthly income, i.e., $915.90 per month. The guidelines state the court shall not vary the amount of child support that would result from application of the guidelines without a written finding that the guidelines would be unjust or inappropriate under certain criteria. We determine the guidelines are just and appropriate.

We modify the trial court decree pursuant to Tanna's cross-appeal. Charles shall pay to Tanna the sum of $915.90 per month for child support for the time specified in the trial court's decree. The new child support payments are to begin August 1, 1988, the date Tanna filed her petition to modify the decree.

An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). We award Tanna attorney fees in the amount of $1,000.

AFFIRMED AS MODIFIED.

DONIELSON, J. concurs.

HABHAB, J. dissents.

HABHAB, Judge (dissenting).

Assuming without deciding that the uniform support guidelines referred to in the majority opinion have application to modification proceedings, I would hold that under the circumstances here the stringent application of the guidelines would be unjust and inappropriate. This is particularly true here for Cindy turned seventeen years of age on April 24, and as I read the majority opinion, the support will continue in the amount fixed by this court in the event she enters college.