LAURA L. JILES, Plaintiff-Appellee, v. DANNY SPRATT, Defendant-Appellant.

Fourth District   No. 4—89—0514

Opinion filed March 22, 1990.

Alan L. Sternberg, of Pratt & Sternberg, P.C., of Bloomington, for appellant.

Robert J. Lenz, of Bloomington, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

Defendant appeals an award of medical expenses, attorney fees, and child support payments. Plaintiff filed a paternity action against defendant on October 14, 1987. On August 12, 1988, blood tests confirmed that defendant was the father of the child. The parties subsequently stipulated to paternity and entered into an agreed order of parentage and agreed temporary support in which defendant was to pay plaintiff $57 per week.

A bench trial was held on March 1, 1989, at which evidence concerning the parties' financial situations was presented. Although both parties agreed that $57 per week was an appropriate amount of child support, the court ordered defendant to pay $186 every paycheck (twice monthly) in child support. The court also awarded plaintiff $5,975 for medical expenses incurred during pregnancy, even though plaintiff suffered only approximately $500 in out-of-pocket expense. Insurance paid nearly all the $14,250 in medical expenses, and plaintiff's stepfather paid the premiums for the insurance. The amount awarded for medical expenses was half the total expense incurred by plaintiff, less a credit of $1,150 for payments defendant made to plaintiff. The court also awarded plaintiff costs and reasonable attorney fees, reserving the matter of attorney fees pending additional testimony.

A hearing on attorney fees and defendant's motion to reconsider was held on May 23, 1989. The motion to reconsider argued that the court erred in awarding plaintiff medical expenses because defendant's insurance company had already paid the bills, and no evidence of any subrogation rights was presented. The court denied defendant's motion, stating that the collateral-source rule applied to the payment of insurance proceeds. The court also awarded plaintiff $1,929.76 in attorney fees.

On appeal, defendant argues that the trial court erred in: (1) awarding plaintiff medical expenses; (2) awarding plaintiff attorney fees; and (3) setting the amount of child support. We agree that the trial court erred in awarding plaintiff medical expenses, but affirm the court's decision awarding attorney fees and setting the amount of child support.

■ We first consider defendant's argument concerning medical expenses. The Illinois Parentage Act of 1984 (Act) provides that a judgment or order may direct the father involved in a paternity action to pay the reasonable expenses of the mother's pregnancy and delivery. (Ill. Rev. Stat. 1987, ch. 40, par. 2514(a).) The trial court awarded plaintiff $5,975 even though plaintiff's insurance company had already

paid the bill. The court used the collateral-source rule to justify the award.

■■ ■ The collateral-source rule states that benefits received by an injured party from a source wholly independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor. (*Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 546 N.E.2d 524.) This rule has its origins and has traditionally been applied in tort law. (See *Cox v. City of Chicago* (1898), 83 Ill. App. 540; *Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763.) However, the rule has also been applied in contract law (*American Fidelity Fire Insurance Co. v. General Ry. Signal Co.* (1989), 184 Ill. App. 3d 601, 540 N.E.2d 557 (breach of contract claim)) and in criminal law (*People v. Abraham* (1980), 89 Ill. App. 3d 786, 412 N.E.2d 45 (involving restitution)). The rationale for the collateral-source rule is that a wrongdoer should not benefit from expenditures made by the injured party, or take advantage of contracts or other relations which exist between the injured party and third persons. (*Wilson*, 131 Ill. 2d 308, 546 N.E.2d 524.) Although injured parties may receive a windfall from the collateral-source rule, it is usually considered more just for an injured party to receive the windfall than a wrongdoer to be relieved of full resposibility for his wrongdoing. 22 Am. Jur. 2d *Damages* §566 (1988).

■■ In Illinois, the collateral-source rule has been applied only where there has been a wrongdoer and an injured party. The rule, thus, applies in tort as well as criminal cases (in criminal cases, the collateral source rule has been used to affirm the amount of restitution a criminal must pay his victim. (*Abraham*, 89 Ill. App. 3d 786, 412 N.E.2d 45.) In contract law, the collateral-source rule will apply only where there has been an element of fraud, tort, or wilfulness (in breaching a contract). *American Fidelity*, 184 Ill. App. 3d 601, 540 N.E.2d 557.

At issue in the present case is whether the collateral-source rule applies to medical expenses paid by insurance in paternity cases. While Illinois has not decided the issue, the two States that have, Ohio and Missouri, both agree that the collateral-source rule does not apply in paternity cases. The Ohio Appellate Court considered the issue in *Edwards v. Sadusky* (1982), 4 Ohio App. 3d 297, 448 N.E.2d 506. The *Edwards* court held that because Ohio's paternity statute modified common law, it should not be enlarged by implication beyond the words actually used. There was no reference to the collateral-source rule in Ohio's paternity statute, and as such, the rule would not apply to paternity cases. Furthermore, Ohio's paternity statute

did not intend to give a mother a windfall award for having an illegitimate child.

The Missouri court of appeals in *Parker v. Bruner* (Mo. App. 1985), 692 S.W.2d 379, has also held that the collateral-source rule does not apply in paternity cases. The *Parker* court stated that the collateral-source rule applied in tort and breach of contract claims. Since the action before the court was not an action for seduction (tort), a claim for breach of contract, or a claim for subrogation, the collateral-source rule would not apply.

Defendant argues that he is not a tortfeasor or wrongdoer, and that the conception of the child in the instant case was not the result of wrongful conduct by either party. Defendant further argues that while the collateral-source rule contains an element of punishment, section 14 of the Act contains no directive to punish the father. (Ill. Rev. Stat. 1987, ch. 40, par. 2514.) Instead, the Act makes an award of medical bills discretionary. Thus, defendant argues, the collateral-source rule should not apply to the payments made by plaintiff's insurance company.

■ We agree with defendant. The collateral-source rule has been applied in Illinois only where there has been a wrongdoer and an injured third party. As defendant argues, he was neither a tortfeasor nor wrongdoer. Moreover, as in *Parker*, plaintiff brought a paternity action, not a tort claim, against defendant, and there was no evidence that plaintiff's insurance company had the right of subrogation. We further note that, as the statute in *Edwards*, the Act makes no reference to the collateral-source rule. As such, we will not read the collateral-source rule into the Act, for it is not the the province of the courts to inject provisions not found in a statute. (*Ryan v. Landek* (1987), 159 Ill. App. 3d 10, 512 N.E.2d 1.) We thus hold that the collateral-source rule does not apply in paternity cases where an insurance company has paid the mother's medical expenses.

■ Plaintiff argues, however, that a reviewing court is not bound to accept the reasons the trial court gave in support of its judgment and that the judgment may be sustained upon any ground that is warranted, regardless of whether the trial court relied upon it or whether the reason the court gave was correct. (*In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 480 N.E.2d 1283.) We find no grounds upon which to base an award of medical expenses where plaintiff's insurance company paid the expenses, and plaintiff's stepfather paid the premiums. Although plaintiff paid approximately $500 in out-of-pocket expense, defendant has already paid plaintiff $1,150 for medical expenses. Accordingly, the judgment for medical expenses is reversed.

Defendant's second contention is that the trial court erred in awarding plaintiff attorney fees. Defendant believes that the trial court erred in three ways: (1) the trial court believed the awarding of attorney fees was mandatory when plaintiff prevailed; (2) the court awarded attorney fees without hearing evidence concerning the matter; and (3) the evidence presented failed to show the inability of plaintiff to pay, or the ability of defendant to pay.

■ Defendant first asserts that the court erred because it believed the awarding of attorney fees was mandatory when plaintiff prevailed. The primary responsibility for the payment of attorney fees is on the party incurring them. (*In re Marriage of Meyer* (1986), 140 Ill. App. 3d 1031, 489 N.E.2d 906.) However, section 17 of the Act allows the award of attorney fees in paternity suits pursuant to the provisions of section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 508), which provides: "The court *** *may* order either spouse to pay a reasonable amount for his own costs and attorney's fees." (Emphasis added.) The awarding of attorney fees is discretionary. *Ivanyi v. Granoff* (1988), 171 Ill. App. 3d 411, 526 N.E.2d 189.

■ At the fee hearing on May 23, 1989, the court stated, "She [plaintiff] has been able to prevail in this case, and having prevailed, she is now entitled under the statute to the expenses of litigation and, to attorney fees." Defendant interprets the trial judge's statement to mean that he thought the awarding of attorney fees was mandatory. The trial judge's comments, however, need not be interpreted as defendant argues. We interpret the court's statement to mean that the trial judge, in his discretion, determined that plaintiff was entitled to attorney fees after she prevailed in the instant case. There was no error.

Defendant next argues that the court erred when it awarded plaintiff attorney fees at the bench trial, March 1, 1989, without hearing evidence on the matter. At the bench trial, the court stated: "I am going to enter a judgment in favor of the plaintiff and against the defendant in the sum of $5,975 plus costs plus reasonable attorney fees, and the Court will reserve that matter pending the taking of additional testimony." Defendant argues that for a court to award attorney fees, there must be a showing that the party receiving the award has an inability to pay, and that the party paying the award has the ability to pay. (*In re Marriage of Ackerman* (1988), 168 Ill. App. 3d 438, 522 N.E.2d 317.) Defendant argues there was no such showing at trial before the court awarded the fees.

■ ■ In awarding attorney fees, factors such as the relative fi-

nancial abilities of the parties, the nature of the controversy, and the skill of the attorney become evident during the proceedings, and no independent proofs need be made concerning such factors. However, factors such as the amount of time and labor involved in a case require independent proof. (*Ackerman*, 168 Ill. App. 3d at 443-44, 522 N.E.2d at 321.) During the bench trial, the court received extensive evidence concerning both parties' relative income and living expenses. Defendant filed a sworn affidavit of his income and expenses. Plaintiff testified about her salary during pregnancy and at the time of the hearing, her monthly rent, insurance expense, and babysitting fees. The court awarded plaintiff attorney fees after hearing this evidence, but reserved the amount until a hearing on attorney fees could be held. A separate hearing on attorney fees was held on May 23, 1989, during which evidence was presented concerning the amount of time and labor plaintiff's attorney put into the case. After hearing the evidence, the court awarded plaintiff $1,929.76 in attorney fees. There was no error in the court's procedure.

Defendant finally argues that the evidence presented failed to show plaintiff's inability or defendant's ability to pay attorney fees. Defendant argues that an affidavit filed with the court shows his net income per month to be $2,396.14 and monthly expenses to be $2,318.75. Thus, defendant argues, it is obvious that he is financially unable to pay plaintiff's attorney fees.

■■■ The awarding of attorney fees under the Illinois Marriage and Dissolution of Marriage Act is within the discretion of the trial court and will not be reversed absent a clear abuse of such discretion. (*Ivanyi*, 171 Ill. App. 3d 411, 526 N.E.2d 189.) If defendant is financially unable to pay the attorney fees, appropriate adjustments may be made. The trial court did not abuse its discretion.

Defendant's final contention is that the trial court erred in setting the amount of child support above the amount agreed to in the preliminary support agreement. Defendant claims there was no evidence at trial to show the amount previously agreed to was inadequate. Furthermore, both counsel agreed at trial that the figure was adequate.

■■■ Section 14(a) of the Act states that the court shall use the guidelines and standards set forth in section 505(a) of the Illinois Marriage and Dissolution of Marriage Act to determine the amount of a child support award. (Ill. Rev. Stat. 1987, ch. 40, par. 505(a).) These standards and guidelines apply to paternity cases. (*People ex rel. Sheppard v. Money* (1988), 124 Ill. 2d 265, 529 N.E.2d 542.) Section 505 requires a parent to pay a minimum of 20% of his or her net income as defined in section 505 for the support of one child. The trial

court found 20% of defendant's income to be $186 twice monthly. A trial court may not deviate from the statutory minimum unless it finds reason to, and if so, the court must enter express findings upon which such deviation rests. (*Sheppard*, 124 Ill. 2d 265, 529 N.E.2d 542.) No such findings were made by the trial court. Therefore, the trial court committed no error.

Affirmed in part; reversed in part.

KNECHT, P.J., and GREEN, J., concur.