**Renee GILLEY and Nash Lyne Gilley, a Minor by Her Next Friend, Renee Gilley, Appellees,**

v.

**Paul McCARTHY, Appellant.**

**No. 90–924.**

Supreme Court of Iowa.

May 15, 1991.

Rehearing Denied June 19, 1991.

Peter S. Cannon of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for appellant.

Gregory S. Noble of Murray, Davoren & Jankins, Des Moines, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

SCHULTZ, Justice.

The sole issue in this appeal is whether the district court properly determined the amount of monthly child support respondent Paul McCarthy must pay petitioner Renee Gilley. Respondent claims that the trial court erred in applying the table for one child rather than the table for three children under Iowa's Uniform Child Support Guidelines (guidelines) which became effective October 12, 1989. We agree with the trial court's ruling that the appropriate amount of child support petitioner must pay is $591.64 per month. Consequently, we affirm the district court's ruling.

On April 1, 1989, petitioner Renee Gilley gave birth to a girl, Nash Lyne Gilley. Respondent Paul McCarthy is the father of Nash Lyne. Gilley and McCarthy have never been married to each other and both were married to other persons at the time of the birth of Nash Lyne. Gilley has one child by a marriage which was dissolved in November 1989. McCarthy is still married and has two children from this marriage.

■ On June 6, 1989, Gilley filed a paternity action under Iowa Code chapters 252A and 675 (1989), seeking an adjudication of paternity and an award of child support. McCarthy acknowledged paternity. In *Mason v. Hall*, 419 N.W.2d 367, 369 (Iowa 1988), we held that our review of all determinations in paternity proceedings brought under Iowa Code chapters 252A and 675, with the exception of a determination of paternity under chapter 675, is de novo. Since determination of paternity is no longer an issue and an action commenced under chapter 252A is in equity, Iowa Code section 252A.6(1), our review is de novo.

McCarthy has a gross monthly income of $4,849 and the trial court found a net monthly income of $3,521.65. Gilley has a gross monthly income of $1,818 and a net monthly income of $1,350 from her employ-ment. Additionally, Gilley receives $200 per month in child support payments from her former husband. McCarthy owns substantially more assets than Gilley.

To determine monthly child support payments, our guidelines provide four separate charts based on the number of children. Both parents' incomes are used to ascertain a percentage which is multiplied by the noncustodial parent's net income. After a hearing, the trial court used the chart for one child and arrived at a percentage of 16.8. Accordingly, the trial court ordered McCarthy to pay $591.64 per month in child support. The court further directed McCarthy to pay retroactive child support in the amount of $6,345 and attorney fees in the amount of $1,018.25.

McCarthy appeals from the trial court's order, challenging only the amount of monthly child support. He argues that his obligation to support two children from his existing marriage, in addition to Nash Lyne, justifies use of the chart for three children. The chart for three children would call for a percentage of 26.8 which, when multiplied by McCarthy's net monthly income, would result in monthly support amount of $1,003.67 for three children. Nash Lyne's one-third share would be $334.55 per month. McCarthy also asks that the retroactive award of child support be computed at this lower monthly amount and that the total retroactive award of child support be reduced accordingly. Finally, both parties request attorney fees on appeal.

■ On September 29, 1989, this court entered an order prescribing uniform child support guidelines which became effective October 12, 1989. These guidelines were established pursuant to the federal Family Support Act of 1988, Pub.L. No. 100–485 and were drafted to allow the custodial parent to receive the amount of support necessary to provide for the child living with the custodial parent. One of the primary purposes of these uniform guidelines is to provide an efficient, equitable, and predictable method of determining the amount of child support.

■ By adopting these guidelines we intended that trial courts select a chart consistent with the number of children who live in the custodial parent's household and can legally claim both parties as parents. In this case, Nash Lyne is the only child who resides with Gilley and can claim both parties as her parents. Therefore, the chart for three children is inappropriate because three children do not live in Gilley's household who can share certain expenses and claim Gilley and McCarthy as their parents.

Since our guidelines are new, we consider the decisions of other courts faced with a similar issue. McCarthy relies upon *In re Paternity of A.S.D.*, 125 Wis.2d 529, 372 N.W.2d 921 (Ct.App.1985), a case involving Wisconsin's support guidelines. In *A.S.D.*, the court found that "application of the one-child percentage to serial children living in separate households could lead to unreasonable results—a father of five such children would be required to pay eighty-five percent of his gross income in support—and no statute should be construed so as to work an unreasonable or absurd result." *Id.* at 533, 372 N.W.2d at 923. Even though the *A.S.D.* court rejected application of the one-child percentage amount, it did not allow adjusted calculations based on a lower three-child percentage amount as McCarthy proposes in this case. Rather, the court held that the trial court's application of the guidelines was inappropriate and remanded to the trial court to establish the amount of support by considering factors comparable to those found in Iowa Code § 598.21 (1989). *Id.*

In *In re Paternity of B.W.S.*, 131 Wis.2d 301, 319–20, 388 N.W.2d 615, 623–24 (1986), the Wisconsin supreme court rejected the adjusted method of calculation that McCarthy proposes. It held that a court may not determine the support need of one child who lives outside the father's household by simply dividing a percentage amount for three children, two of which lived with the father, by three. *Id.* at 320, 388 N.W.2d at 624. Such a perfunctory calculation determines an amount of child support without any consideration of the actual needs of the child and the circumstances or financial means of the parents. *Id.* at 320, 388 N.W.2d at 623. The court agreed with *A.S.D.* and likewise held that application of percentage standards would produce unreasonable results under some circumstances. *Id.* at 319, 388 N.W.2d at 623.

■ In this case, we are not faced with a set of circumstances that will produce the type of unreasonable or absurd result that the courts in *A.S.D.* and *B.W.S.* contemplated might occur by application of the one-child percentage amount in serial-household situations. Several reasons support our conclusion. The trial court considered the existence of expenses related to the two children from McCarthy's current marriage. However, consideration of the expenses related to the support of the two children from McCarthy's current marriage is germane only in determining his financial ability to pay, and not as a reason to alter application of the guidelines by using the three-child chart. *See Pitkin v. Gross*, 385 N.W.2d 367, 369–70 (Minn.Ct.App.1986) (rejecting child support award below guideline for one child when father had previous support obligation and was financially able to pay). Furthermore, McCarthy does not have other children living in different households to which he is obligated to pay child support. He has only one noncustodial child and no other court-ordered child support obligations.

Our guidelines create a "rebuttable presumption that the amount of child support which would result from the application of the guidelines ... is the correct amount of child support to be awarded." Iowa Code § 598.21(4)(a) (Supp.1989). However, a court can vary from the amount of child support required by the guidelines only if it finds "[a]djustments are necessary to provide for the needs of the child or to do justice between the parties, payor, or payee under the special circumstances of the case...." Supreme Court Order in the Matter of Child Support Guidelines (Sept. 29, 1989). The trial court considered all of the financial statements and other evidence regarding the parties' expenses and incomes before finding that the one-child percentage amount was appropriate under the

circumstances of this case. *See Jiles v. Spratt,* 195 Ill.App.3d 354, 361–62, 142 Ill. Dec. 21, 25, 552 N.E.2d 371, 375 (1990) (trial court may not deviate from guidelines unless it finds reasons and enters express findings justifying a deviation); *In re Marriage of Lowry,* 452 N.W.2d 464, 466 (Iowa App.1989) (holding deviation from guidelines inappropriate unless application of guidelines would be unjust or inappropriate).

Based on our de novo review of the facts and circumstances in this case, including all of the financial evidence presented by the parties, we likewise can make no finding of any special circumstances that would justify deviation from the one-child percentage amount in the guidelines. McCarthy has failed to present evidence of any special circumstances that would make a monthly support obligation based on the chart for one child unjust or inappropriate. Consequently, he has not rebutted the statutory presumption that the trial court's application of the percentage amount of 16.8 in the one-child table of the guidelines is correct. Iowa Code § 598.21(4)(a) (Supp.1989).

In summary, we hold that the trial court set the correct amount of child support that McCarthy must pay Gilley for the support of Nash Lyne. We affirm the trial court's ruling in all respects.

Both parties request attorney fees for this appeal. We order that McCarthy pay petitioner Gilley $750.00 to apply toward her attorney fees for this appeal.

AFFIRMED.