**STATE of Iowa, ex rel., Ginger CACEK, As Next Best Friend of Stacy Cacek, Appellant,**

v.

**Donald D. CACEK, Appellee.**

No. 91–557.

Supreme Court of Iowa.

May 13, 1992.

Bonnie Campbell, Atty. Gen., John Parmeter and Kay Delafield, Asst. Attys. Gen., and James A. Lally, Asst. County Atty., for appellant.

Donald D. Cacek, pro se, Cedar Falls, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

SCHULTZ, Justice.

The sole issue in this appeal is whether the district court properly determined the amount of child support respondent Donald Cacek must pay for the support of his minor child, Stacy Cacek. The State of Iowa (State), acting pursuant to Stacy's mother's receipt of public assistance, commenced this action. The district court awarded support of $25.50 per week. We modify the district court's support order.

Stacy Cacek, who was born December 5, 1983, is the son of Ginger Cacek and Donald Cacek. Stacy resides with his mother Ginger and her three other children. Donald is not the father of Ginger's three other children. Ginger's household receives a monthly grant under the Aid to Dependent Children's program (ADC) in the amount of $548.00 per month; $490.00 of the $548.00 is attributable to Ginger's four children. Ginger has no other income. Donald has a net monthly income of $860.00 per month.

The issue on appeal involves the propriety of the district court's application of Iowa's Child Support Guidelines (guidelines). The court noted that under the chart for one child, Donald's support obligation would be $217.58 per month. However, the court concluded that it should apply the chart for four children. It divided the resulting amount, $436.88 per month, by four in reaching a monthly support amount of $109.22, which it further divided into weekly payments of $25.50. The court justified its application of the four-child chart by reasoning that application of the one-child chart "would in effect be subsidizing ... the welfare of the other three children of whom he is not the father" and that Donald "should be liable only for the support of his child and not for a partial subsidy of the other three children." The State contends that the court should have applied the guideline amount from the one-child chart.

On September 29, 1989, this court entered an order prescribing uniform child support guidelines which became effective October 12, 1989. These guidelines create a "rebuttable presumption that the amount of child support which would result from

the application of the guidelines ... is the correct amount of child support to be awarded." Iowa Code § 598.21(4)(a) (1991). A court can vary from the amount in the guidelines only if it makes a written finding that "[a]djustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case...." Supreme Court Order in the Matter of Child Support Guidelines (Sept. 29, 1989).

We believe our holding in *Gilley v. McCarthy*, 469 N.W.2d 666 (Iowa 1991), decided after the district court ruling, is applicable to this case. *Gilley* was a paternity action brought by the mother of an illegitimate child. The father argued that application of the chart for three children was appropriate because he had two children from an existing marriage who lived with him in addition to his third illegitimate child who lived with the mother bringing the paternity action. *Id.* at 667. Similar to the situation in this case, the mother in *Gilley* had another child from a previous marriage living in her household. *Id.* We rejected the father's argument and held that application of the one-child rather than the three-child chart was correct. *Id.* at 669. Our statement, "By adopting these guidelines we intended that trial courts select a chart consistent with the number of children who live in the custodial parent's household and can legally claim both parties as parents ...," sets forth a two-part test. *Id.* at 668. Applying the two-part test to this case, Stacy was the only child who lived in Ginger's household who could claim Donald and Ginger as parents. Thus, the one-child chart in the guidelines should have been applied unless special circumstances existed which would justify deviation from the one-child percentage amount in the guidelines.

We must now determine whether the three other children living in Stacy's household, of whom Donald is not the father, or the household's receipt of ADC benefits are special circumstances warranting deviation from the guideline amount in the one-child chart. Previously, we stated that the guiding consideration in determining an appro-

priate case for variation from the guidelines is achieving a balance between "the needs of children against the legitimate needs and expenses of the payor parent." *State v. Burt*, 469 N.W.2d 669, 670 (Iowa 1991).

In this case, the court based its deviation on the rationale that Donald should not be responsible for subsidizing the other three children living in Ginger's household.[1] The existence of other children in Ginger's household neither reduces Stacy's financial needs nor affects Donald's ability to pay and is immaterial in achieving a balance between Stacy's needs and Donald's ability to pay. In addition, the fact that Stacy and the other children were receiving ADC benefits indicates a greater rather than a lesser need for Stacy to receive the amount of support to which he is entitled under the one-child chart of the guidelines. Finally, the record contains no evidence that Donald is unable to pay. Consequently, the basis of the district court's child support determination is neither related to Stacy's needs nor Donald's ability to pay. Thus, we hold that the district court's deviation from the one-child chart in the guidelines was not supported by a finding of special circumstances that would make application of the one-child chart unjust or inappropriate.

In summary, we affirm the district court's award of child support but modify the amount that Donald is required to pay for Stacy. We modify the order to require Donald to pay child support in the amount of $50.25 per week under the guideline chart for one child, commencing January 26, 1991, the date used in the district court order.

AFFIRMED AS MODIFIED.

---

**1.** Under the district court's reasoning, a child living in the custodial parent's household with other children who receive ADC benefits would receive less than an only child living in the custodial parent's household. In this case, such a result is inconsistent with the purpose of the uniform guidelines which is to provide "an efficient, equitable, and predictable method of determining the amount of child support." *Gilley v. McCarthy*, 469 N.W.2d 666, 667 (Iowa 1991).