In re the MARRIAGE OF Marlene A. ANDERSON and Larry J. Anderson.

Upon the Petition of Marlene A. Anderson, Petitioner-Appellee,

And Concerning Larry J. Anderson, Respondent-Appellant.

No. 86–251.

Court of Appeals of Iowa.

Nov. 26, 1986.

Douglas E. Johnson, Muscatine, for respondent-appellant.

J. Michael Metcalf of Metcalf, Conlon & Siering, Muscatine, for petitioner-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

Respondent Larry Anderson appeals from the trial court's order directing him to pay $95 per week child support for his daughter Laura. Larry contends the trial court impermissibly based child support on a percentage of his income and that the trial court attempted to award alimony under the guise of child support. We affirm.

Respondent-appellant and Petitioner-appellee Marlene Anderson were married in 1971. They have one child Laura, born in 1974. Marlene was born in 1938; Larry, in 1945.

The parties stipulated to a division of their property and agreed Marlene was to receive no alimony and she should have custody of Laura. The only issue presented to the trial court was the amount of child support Marlene should receive for Laura. The evidence introduced was sketchy and limited almost exclusively to income and living expenses of the parties. From the record made in the trial court, we determine Marlene is a self-employed tavern operator. She claims her net income is $500 monthly. Larry claims she nets $300 weekly. Income figures were introduced showing Marlene had income over expenses in the five months preceding the hearing of $354, $725, $465, $687 and $875. In the sixth month preceding trial she had a loss of $44. In that month, despite above average receipts, she had higher expenses. Marlene received an unencumbered personal residence and a bar business worth $15,000 to $20,000 and other property. Larry also received property. The value of other property the parties divided is not part of the record.

Larry earns about $28,000 annually. He is contributing to the college expenses of an 18-year-old son from a prior marriage.

The trial court made an oral finding Larry had a net monthly income of $1,664 and Marlene had an income from her business of $500 per month. The court determined the reported living expenses of $1,290 for Marlene and $1,178 for Larry were reasonable and determined, after considering *all those factors* it was reasonable to require Larry to pay the customary amount, 25 per cent of his take-home pay, as support.

## I.

Larry claims the trial court impermissibly based child support on a percentage of his income and failed to apply the factors of Iowa Code § 598.21(4) and applicable case law directing the court to consider factors such as age of the parties, present earning capacity, future prospects, resources of the parties, contributions of each to joint accumulations, duration of the marriage, indebtedness and other relevant factors.

Larry is correct in his assertion of factors to be considered in assessing child support. *See* Iowa Code § 598.21(4). *Locke v. Locke*, 246 N.W.2d 246, 251 (Iowa 1976). The problem, however, is the parties presented scanty or no evidence on issues other than earned income and expenses. The trial court and this court are limited by the evidence the parties presented.

■ We agree with Larry's assertion child support should not be fixed at any set percentage of net income but should be assessed in accordance with the earlier discussed factors. *See In re Marriage of Hoak*, 364 N.W.2d 185, 191 (Iowa 1985); *In re Marriage of Vrban*, 359 N.W.2d 420, 426 (Iowa 1984); *In re Marriage of Byall*, 353 N.W.2d 103, 107–08 (Iowa App.1984); *In re Marriage of Butler*, 346 N.W.2d 45, 46 (Iowa App.1984). Furthermore, the definition of net income can be deceptive. Other than the FICA deducted from gross wages there is no uniformity in other deductions. Income tax frequently is deducted in excess of the amount owed. Payroll deductions may be made for convenience and for other than taxes and employment related expenses (example charitable deductions, insurance payments, pension and savings plans). Furthermore, some salary packages are substantially enhanced by nontaxable employer payments for health insurance, pension, etc. The court should look at all these factors in assessing a support award.

We look at the parties' adjusted gross income and other relevant factors, including tax obligations of the parties, in assessing support in this case. The parties' take-home pay is not comparable. Marlene is a self-employed person. She has no taxes withheld and would pay her FICA and income taxes out of the money she takes home. When she computed net income, her FICA and income taxes were not computed. Larry is not self-employed. His taxes are deducted from his wages by his employer *before* he is paid. Additionally, his employ-

er deducts for medical insurance and a charitable contribution. When Larry computed his net income the payroll deductions had been subtracted.

We determine Larry's adjusted gross income to be about $28,000 annually and Marlene's to be between $6,000 and $10,000 annually.

Our review is de novo. *See* Iowa R.App.P. 4.

■ Both parties have a support obligation to Laura, not necessarily equally but in accordance with their ability to pay. *See In re Marriage of Heinemann,* 309 N.W.2d 151 (Iowa App.1981).

■ We determine the child support fixed by the trial court is a fair child support and having reviewed the evidence, we affirm the award.

AFFIRMED.