In re the MARRIAGE OF LaCinda D. HUISMAN and Theodore J. Huisman.

Upon the Petition of

LaCinda D. Huisman, Petitioner–Appellee,

And Concerning

Theodore J. Huisman, Respondent–Appellant.

No. 94–0316.

Court of Appeals of Iowa.

March 30, 1995.

Douglas W. Beals of Welp, Harrison, Brennecke & Moore, Marshalltown, for appellant.

Charles F. Fairall of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HUITINK, JJ.

SACKETT, Judge.

Respondent-appellant Theodore J. Huisman appeals challenging the child support and property division provisions of his dissolution decree. We affirm.

Theodore and petitioner-appellee LaCinda Huisman were married in 1990. They have one child, Nicholas, born December 12, 1991. Physical care of Nicholas was awarded to LaCinda, and Theodore was ordered to pay child support of $429 per month.

Theodore contends the child support award is excessive. He contends the trial court incorrectly calculated his net monthly income at $2821 for purposes of applying the child support guidelines because the trial court incorrectly allocated additional income of $2240 annually for the value of his personal use of a company vehicle and the trial court should not have based his net monthly income on his 1992 income tax returns because they do not correctly reflect his income tax liability based on his filing status after the dissolution.

LaCinda contends the trial court accepted the only reliable method of computing Theodore's income. She also contends the 1992 figures are fair because Theodore received a raise in 1993 and another raise is anticipated. She asks the judgment be affirmed.

■ Before applying the child support guidelines, there needs to be a determination of the net monthly income of the custodial and noncustodial parent. *See In re Marriage of Powell,* 474 N.W.2d 531, 533 (Iowa 1991) (court must determine the parents' current income from the most reliable evidence presented); *In re Marriage of Lalone,* 469 N.W.2d 695, 696 (Iowa 1991) (application of child support guideline chart first involves determination of net monthly income of each parent); *In re Marriage of Miller,* 475 N.W.2d 675, 678 (Iowa App.1991) (first step in using the child support guidelines is to arrive at "net monthly income").

This is one of a series of cases that have come before the Iowa appellate courts seeking further definition of "net monthly income" as used in the guidelines. *See In re Marriage of Gaer,* 476 N.W.2d 324, 326–30 (Iowa 1991) (in determining income available for child support, self-employed truck driver would be allowed deduction for straight-line method of depreciation of truck); *Powell,* 474 N.W.2d at 533–34 (court may determine current monthly income based upon income prior to temporary unemployment); *Lalone,* 469 N.W.2d at 697 ("net monthly income" excluded alimony paid); *State ex rel. Dep't of Human Servs. v. Burt,* 469 N.W.2d 669, 671 (Iowa 1991) (amount father ordered to pay to be applied toward his accrued obligation for public assistance advanced in past is not deductible from gross income in determining net income under child support guidelines); *In re Marriage of Mayfield,* 477 N.W.2d 859, 862 (Iowa App.1991) ("net income" was properly found to equal average of last two years' taxable income); *Miller,* 475 N.W.2d at 678–80 ("net monthly income" did not exclude alimony paid); *In re Marriage of Jennings,* 455 N.W.2d 284, 287–88 (Iowa App.1990) (net monthly income under the guidelines means gross monthly income less specifically enumerated deductions).

Theodore contends the trial court incorrectly allocated an additional $180 a month to him as income because he has unrestricted use of his employer's vehicle. Theodore has no other vehicle. He does not assume any expenses in connection with the vehicle, not even for maintenance, gas, oil, insurance, tires or repairs. He pays $7.50 a week for the use of the vehicle.

■ We have recognized salary packages can be substantially enhanced by nonsalary items and in some cases nontaxable employer payments. *See In re Marriage of Anderson,* 400 N.W.2d 84, 85 (Iowa App. 1986). We have also said the court should look at these factors in assessing a child support award. *Id.* The benefits in a salary package can support a discretionary call by the trial court to depart from the guideline amount. Particularly where, as here, absent the benefit, the noncustodial parent would need to purchase the employee benefit in the market place. But for the employer's allowing Theodore to use the car, Theodore would find it necessary to purchase, insure, and maintain a motor vehicle for his personal use. We agree with the trial court's decision to increase his child support based on this benefit.

However, the definition of net monthly income does not encompass adding employment benefits to other income prior to applying the guideline percentages. The value of the use of the vehicle should not be considered income but is a factor that justifies the trial court making a discretionary call to order more support than provided in the guidelines.

■ We next address Theodore's claim the trial court incorrectly calculated his federal and state income tax obligations. We agree with Theodore, his federal and state income tax obligations may increase when his filing status changes to that of a single person. The problem with Theodore's arguments, both before the trial court and before this court, is he did not provide accurate calculations of what his income tax liability would be when he filed with single status. Theodore seeks to prove his position by using figures shown on his current pay stubs. We do not consider pay stubs as a reliable indicator of income tax liability. The amount of federal and state income tax withheld is at the election of the employee and frequently does not reflect his or her ultimate tax liability for the current calendar year. We reject Theodore's position we should determine his

net monthly taxable income by considering his pay stubs.

 This case illustrates the importance of providing the courts with correct and verifiable information. Generally, completed federal and/or state income tax returns are the best evidence of income and tax liability or projected computations of the amounts that would be due. We set out in *In re Marriage of Cossel,* 487 N.W.2d 679, 683–86 (Iowa App. 1992), a worksheet that should be helpful in supplying the necessary information to the trial court.

While we disagree with the trial court's handling of the employee benefit, we concur with its result as to the final child support award.

The trial court did not abuse its discretion in setting child support. *See Lalone,* 469 N.W.2d at 697. In reaching this conclusion, we have reviewed the information available to the trial court on Theodore's wages and income tax liability. We have also considered Theodore's argument the trial court allocated too much value to his personal use of his employer's vehicle. Considering the vehicle serves as Theodore's sole personal vehicle, we find the value placed thereon by the trial court to be modest.

Theodore next challenges the property division. The question is whether the division made by the trial court was equitable and in accordance with the legislative dictates on property division. *See* Iowa Code § 598.21(1); *see also In re Marriage of Vrban,* 359 N.W.2d 420, 426–27 (Iowa 1984); *In re Marriage of Dahl,* 418 N.W.2d 358, 359–61 (Iowa App.1987). There need not be an equal or percentage distribution but the award must be fair under the facts of the case. *See In re Marriage of Havran,* 406 N.W.2d 450, 452 (Iowa App.1987). The values placed on the assets by the trial court are within the permissible range of evidence. *See In re Marriage of Bare,* 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984). The property division was equitable.

We award LaCinda $500 attorney fees on appeal.

**AFFIRMED.**