In re the MARRIAGE OF Mary WILL and Roger Will.

Upon the Petition of Mary Will, Petitioner–Appellee,

and

Concerning Roger Will, Respondent–Appellant.

No. 98–0664.

Court of Appeals of Iowa.

July 23, 1999.

David A. Hirsch and Marlis Robberts Kirk of Beckman & Hirsch, Burlington, for Appellant.

Merry C. Ford and T.K. Ford of Ford Law Offices, Burlington, for Appellee.

Considered by SACKETT, C.J., and VOGEL and MAHAN, JJ.

SACKETT, C.J.

Respondent Roger Will appeals from the district court ruling granting petitioner Mary Will's application to modify the child support provisions of the parties' dissolution decree. Roger contends the district court (1) failed to properly calculate his net income for purposes of applying the child support guidelines, and (2) abused its discretion in deviating from the guidelines. We affirm.

Roger and Mary were divorced in 1994. Mary was named primary care taker of

their daughter, Renee, born in September of 1983. Roger was ordered to pay child support of $123 a week. In computing that figure, the dissolution court fixed Mary's net monthly income as defined by the child support guidelines at $1466.84 and Roger's at $2365.90.

After the dissolution decree was entered on March 28, 1995, Roger's mother died and he inherited about $500,000. Roger has remarried.

On September 1, 1997, Mary filed a petition to modify child support contending Roger's income had increased. The trial court determined Roger's net monthly income as defined by the child support guidelines was $4186 and Mary's was $1933. The district court increased Roger's child support to $200 per week.

It is agreed there were grounds for modification. Roger challenges on appeal the district court's computation of his income and the amount of the increase.

Our review is de novo. Iowa R.App.P. 4. We are not bound by the district court's findings of fact, but we give them weight. Iowa R.App.P. 14(f)(7); *In re Marriage of Powell*, 474 N.W.2d 531, 532 (Iowa 1991).

The district court used Roger's 1997 income tax return filed jointly with his current wife to compute his income. Roger challenges the district court's determination his income for purposes of applying the child support guidelines should include (1) one hundred percent of the income earned from assets he held jointly with his wife; (2) the income from a certificate of deposit in her name alone; (3) income from the one-time sale of his home; and (4) income from the one-time sale of Series E Bonds he inherited.

■ The guideline's definition of income is most readily adaptable to parents employed at a set monthly wage. *In re Marriage of McQueen*, 493 N.W.2d 91, 93 (Iowa App.1992). The definition is not as easily applied to the earnings of Roger, whose income fluctuates. Generally, com-

pleted federal and/or state income tax returns are the best evidence of income and tax liability. *See In re Marriage of Huisman*, 532 N.W.2d 157, 160 (Iowa App. 1995).

■ Some $2882 interest was earned on an account held jointly by Roger and his wife. The district court included all the interest in computing Roger's income. Roger contends only one-half the interest from the joint account should be allocated to him.

This account was established after Roger sold his home. By the time of trial, the principal in this account had been applied to the principal owed on a home owned by Roger and his current wife. Consequently, the interest is not recurring income. Furthermore, the reinvestment of principal from the sale of one home into another home is reasonable. We agree with Roger the district court should not have included the entire amount of interest on this account in computing his income for the purpose of applying the child support guidelines. With this modification, we need not address the claim Roger's income should not include interest on the entire account.

■ Roger took $100,000 of his inheritance and put it in a time certificate of deposit in his wife's name. The district court considered interest on this certificate in computing Roger's income. Roger contends he had no ownership in the certificate and the interest income should not have been included.

Mary contends it was a voluntary reduction in income and Roger should not be allowed to exclude it from his income for child support purposes.

We agree with Roger he has no ownership interest in the certificate and no right to receive the income. We also agree with Mary in gifting the property to his wife he voluntarily divested his right to receive income from the certificate.

■ Where a parent, obligated to pay child support, attempts to show a reduced level of income by paying a current spouse a salary that is larger than average salaries for comparable employment, we attribute the portion of the salary that is excessive to the obligor spouse. *In re Marriage of Aronow*, 480 N.W.2d 87, 90 (Iowa App.1991) (Husband, who was medical doctor, payed current spouse an excessive salary for bookkeeping and part-time nursing duties, and part of her income was attributable to husband); *see also In re Marriage of Mueller*, 400 N.W.2d 86, 88 (Iowa App.1986) (Current wife was employed by family pizza business, but because she was paid a fair salary, her income was not attributed to husband).

The question is whether we should apply the same reasoning to a transfer of assets from an inheritance. In transferring the assets, Roger divested himself of all ownership interest, including the right to reallocate future income, as distinguished from *Aronow*, where the medical doctor could decrease the salary paid to his current wife in a future year.

Also, Roger did not seek to reduce his earned income. If a parent, obligated to pay child support, gifts property, should the income earned on the property by the donee be attributed to the obligor parent? The question can only be answered after considering the facts and circumstances surrounding the gift. There is no direct evidence Roger made the transfer for the purpose of reducing his child support obligation. The evidence is he made the gift out of love and consideration for his current wife. But, as Mary argues, the income remains available to the household where Roger resides. It is reasonable to consider the income Roger's current wife receives on the gifted property not as part of Roger's net monthly income as defined by the guidelines but as a factor that justifies deviating from guideline amounts. *See In re Marriage of Huisman*, 532 N.W.2d 157, 159–60 (Iowa App.1995). And we do so.

■ Roger also transferred an ownership interest in certain government bonds to his spouse. Again, we consider the income attributable to her ownership not as Roger's income, but as a basis to deviate from the guidelines. *See id.*

■ The district court also added $4284 in interest income from Series E Bonds Roger inherited. The interest on Series E Bonds is not taxable until the bonds are cashed. The interest received when they were cashed represented interest accrued over a thirty-year period during most of which time Roger's parents owned the bonds. Roger correctly argues this is a one-time interest figure and will not reoccur in subsequent years in a like amount. We also agree with Roger one-time income amounts generally are not considered in figuring net monthly income for the purpose of applying child support guidelines.

The principal on the bonds will generate income. It is equitable to include in Roger's income for child support purposes at least a portion of the income.

■ Roger next contends the required circumstances of necessity and substantial justice do not exist so as to mandate an upward deviation from the guidelines.

■ Generally, the child support guidelines are to be strictly followed unless their application would lead to an unjust or inappropriate result. Iowa Code § 598.21(4)(a). There is a rebuttable presumption the amount of child support determined according to the guidelines is the correct amount of child support to be awarded. *In re Marriage of Brown*, 487 N.W.2d 331, 333 (Iowa 1992). That amount may be adjusted upward or downward if the court finds an adjustment necessary to provide for the needs of the child and do justice between the parties under the special circumstances of the case. *State ex rel. Nicholson v. Toftee*, 494 N.W.2d 694, 695 (Iowa 1993). To justify a departure from the guidelines, the court

must make written findings that the scheduled amount would be "unjust or inappropriate" under the criteria established by the supreme court. Iowa Code § 598.21.

■ In deviating upward from the guidelines, the district court considered Roger's wife's income, their standard of living, and the fact he has investments that do not generate income. Deviation from the guidelines may occur if it is found "adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case." *State ex rel. Cacek v. Cacek,* 484 N.W.2d 592, 593 (Iowa 1992); *see also State ex rel. Lara v. Lara,* 495 N.W.2d 719, 721 (Iowa 1993).

The district court did not find the support guideline amount was insufficient to provide for the needs of Renee, nor could such a finding be made. Renee has no special needs that cause the support guideline amount to be insufficient.

■ Income as defined by the child support guidelines does not include income of a current spouse. Roger's current spouse has no support obligation to his child. She has children of her own to support. There is generally no basis to consider the income of a current spouse with dependent children as a factor supporting an upward deviation from the guideline amount. However, we have deemed it fair to consider income his current wife earns on the money and bonds Roger gave her in assessing a deviation.

■ Generally, child support is figured on income, not net worth. *See In re Marriage of Cossel,* 487 N.W.2d 679, 682 (Iowa App.1992). We agree with Mary Roger has invested principal so his income

is deferred. Roger contends he has done this to establish a conservative investment plan and, in doing so, he is following in his parents' footsteps. We recognize certain investments and pension plans are structured so tax on income is deferred to a later date. There is no direction in the child support guidelines for including deferred income as income for the purpose of applying the child support guidelines. We do agree, however, with the district court there are circumstances where substantial investments earning deferred income may justify an upward modification from the guidelines and such is the case here.

The adjustment we have made to income reduces the support figure determined from applying the guidelines; however, the ultimate modification made by the district court is justified as an upward modification. We affirm the amount awarded.

■ Mary requests we award her attorney fees in connection with the appeal. The award of attorney fees is not a matter of right but rests within the court's discretion. We will weigh the requesting party's financial needs and the other party's ability to pay. *Locke v. Locke,* 263 N.W.2d 694, 696 (Iowa 1978); *In re Marriage of Fish,* 350 N.W.2d 226, 231 (Iowa App.1984); *In re Marriage of Brainard,* 523 N.W.2d 611, 617 (Iowa App.1994). We award $750 in appellate attorney fees.

Costs are assessed to Roger.

**AFFIRMED.**