In re the MARRIAGE OF Michael D. WADE and Michele L. Wade.

Upon the Petition of Michael D. Wade, Petitioner–Appellant,

And Concerning Michele L. Wade, Respondent–Appellee.

No. 09–0508.

Court of Appeals of Iowa.

Feb. 10, 2010.

Maria K. Pauly, Davenport, for appellee.

Considered by EISENHAUER, P.J., POTTERFIELD, J., and MAHAN, S.J.*

EISENHAUER, P.J.

Mike Wade appeals the district court's decision increasing his child support obligation. We award Mike the tax dependency exemptions for all three children, affirm the requirement he be current on his support obligation in order to claim the children as dependents for federal and state tax purposes, and remand for a recalculation of child support.

## I. Background Facts and Proceedings.

Mike and Michele Wade were divorced in September 2006. The parties agreed to joint legal custody with Michele having physical care of their three children. No alimony was requested. Michele agreed to an imputed income of $12,000 a year based on her working part-time for the University of Iowa. Mike is employed by the Muscatine County Sheriff's Office and also owns and operates Evergreen Lawn Service, Inc. Mike agreed to an estimated annual income of $60,000. This estimate was based on $45,000 from the sheriff's office and $15,000 from the lawn service. Mike agreed to pay child support of $600 every two weeks/$1300 monthly. The parties further agreed Mike would have the children every other weekend and two days midweek with an overnight. Mike was responsible for the daycare expenses on his midweek visitation days.

Disputes arose after the original decree and Mike did not exercise his midweek visitation. Mike applied for a modification of visitation terms and in April 2008, the

Thomas G. Reidel, Muscatine, for appellant.

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2009).

parties agreed to an order changing visitation to every other weekend without any midweek visitation.

Also in April 2008, Michele filed an application for modification seeking increased child support. In December 2008, after a hearing, the court granted Michele's petition, awarded Mike two dependency exemptions for child support guideline purposes, and increased Mike's child support to $701.72 every two weeks/$1520.40 monthly.

In determining Michele's income, the court awarded her a dependency exemption for one child and stated:

> [Mike] has chosen not to exercise visitation for long periods of time. He refused to see any of the children from February 2007 until April 2008. Since the parties' separation in April 2006, he has only chosen to see the youngest child two times.... As a result of essentially raising these children on her own, Michele lost the job she had at the University of Iowa because she was unable to count on [Mike's] care of the children during the week or even on weekends when she could work a weekend shift. She is now attending college full-time pursuing a nursing degree. Based on these circumstances, the court declines to impute any income to her, other than what she will actually earn.

> The court finds Michele has not voluntarily reduced her income, but because of [Mike's] actions, has had no choice. Michele does work one day a week for eight hours at $12.07 an hour, which calculates to a monthly income of $386.24. The court will use this income in determining child support.

In determining Mike's income, the court awarded him dependency exemptions for two children, and noted his deputy sheriff salary increased to $52,000. Regarding Mike's Evergreen Lawn Service, a "C corporation," the court found:

> That business had gross receipts of $61,368 in 2006 and $70,092 in 2007. [Mike] testified he receives some compensation from the business, and he also pays some personal expenses out of the business. Evergreen's tax returns for 2006 and 2007 show [Mike] deducts all of the payments he pays for the loans on two trucks, which he and his current wife drive for personal as well as business use. He also deducts the full costs of his insurance and cell phones, which are also partly business and personal expenses. In addition, Evergreen's tax returns show he pays himself rent for office in the home expenses, but those rents were not included in his own personal income on his personal tax returns. The court finds all of these items should be used to determine [Mike's] net monthly income for child support services.

> ... The court finds eighty percent of his truck payments [$10,638 a year], telephone expenses [$1794 a year], and insurance expenses [$2091 a year] should be considered as part of his monthly income for child support purposes.

The court added the $14,523 in truck, telephone, and insurance expenses to Mike's $52,000 salary, $2175 two-year average Evergreen compensation, and $7059 two-year average rent paid to total $75,757 gross yearly income and $6313 gross monthly income. These figures were used in determining the new child support obligation. Mike appeals the increased support obligation.

## II. Standard of Review.

■ As an equitable action, we review modification proceedings de novo. Iowa R.App. P. 6.907 (2009). We examine the

entire record and decide anew the legal and factual issues properly presented and preserved for our review. *In re Marriage of Rhinehart,* 704 N.W.2d 677, 680 (Iowa 2005). We accordingly need not separately consider assignments of error in the trial court's findings of fact and conclusions of law but make such findings and conclusions from our de novo review as we deem appropriate. *Lessenger v. Lessenger,* 261 Iowa 1076, 1078, 156 N.W.2d 845, 846 (1968). We, however, give weight to the trial court's findings of fact, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App. P. 6.904(3)(*g* ).

### III. Income Calculations.

For Michele to successfully modify child support, she "must establish by a preponderance of the evidence that there has been a substantial change in the circumstances of the parties since the entry of the decree." *In re Marriage of Kupferschmidt,* 705 N.W.2d 327, 332 (Iowa Ct. App.2005).

■ Mike first argues the court erred by not awarding him dependency exemptions for all three children.

■ Application of child support guidelines first involves determination of the "net monthly income" of the custodial and noncustodial parent. *In re Marriage of McCurnin,* 681 N.W.2d 322, 328 (Iowa 2004). "Net income is gross income less certain allowable deductions." *In re Marriage of Hilmo,* 623 N.W.2d 809, 811 (Iowa 2001). Because the guidelines provide for the consideration of a parent's state and federal income tax liability, "the amount of child support ultimately owed ... is dependent on the allocation of tax exemptions and credits." *Kupferschmidt,* 705 N.W.2d at 338. We agree Mike should be awarded tax dependency exemptions for all three children. Michele's income is so

low it would appear the one exemption she was awarded has no value to her. Accordingly, we remand for the district court to recalculate child support with Mike retaining all three dependency exemptions.

■ Second, while Mike agrees the $2175 two-year average of compensation from Evergreen should be included in his income for child support purposes, he argues the district court erred by incorrectly adding in the value of his personal use of his two trucks, telephone, rent, and insurance expenses paid by his "C corporation."

■ The court must determine the parents' current income from the most reliable evidence presented. *In re Marriage of Hart,* 547 N.W.2d 612, 615 (Iowa Ct. App.1996). Income is "not limited to income that is reportable to the federal government as income." *Hilmo,* 623 N.W.2d at 811. Under our precedents, however, "the definition of net monthly income does not encompass adding employment benefits to other income," such as the personal use of a company vehicle. *In re Marriage of Huisman,* 532 N.W.2d 157, 159 (Iowa Ct.App.1995). Rather, the value of the use of the vehicle may be a factor that justifies an upward deviation from the amount of support provided in the guidelines. *Id.*

■ Mike is the sole shareholder of Evergreen, a "C corporation." Generally, "a corporation, even if owned by one person, is deemed a distinct entity." *In re Marriage of Murray,* 213 N.W.2d 657, 660 (Iowa 1973). Deviation from the guidelines can be appropriate in a corporate context because "[i]t is not uncommon for an owner to cover many normal personal living expenses through the corporation ... which would decrease profits while increasing the owner's standard of living...." *See In re Marriage of Wiedemann,* 402 N.W.2d 744, 747 (Iowa 1987).

Mike and his wife both have full-time jobs in addition to the Evergreen business. Evergreen has three contracts for lawn mowing during the summer months and then business "falls off" during the winter months when it has one contract for snow removal/grave digging. Mike's wife only works for Evergreen "occasionally." Mike pays his wife $400 a month for in-home office rental as an Evergreen expense. Both Mike and his wife have 2007 vehicles each costing approximately $40,000 and both paid for by Evergreen. Mike and his wife own no other vehicles. Evergreen pays for all vehicle insurance and gas expense, including personal use such as driving to their full-time jobs. Evergreen pays for cell phones for both Mike and his wife. These are the only telephones they have and neither pays for any personal telephone expenses.

Even though a portion of the corporate expense payments covered personal use and expenses, Iowa's recognition of the separate corporate status of a single-shareholder corporation leads us to conclude the trial court erred in calculating Mike's net income by adding in the value of the personal portion of the corporate payments. *See Huisman,* 532 N.W.2d at 159. Therefore, the resulting mathematical increase in Mike's personal income is not appropriate for purposes of determining his child support obligation under the guidelines.

■ However, this does not end our analysis. "We have recognized salary packages can be substantially enhanced by nonsalary items … and the court should look at these factors in assessing a child support award." *Id.* These factors/benefits "can support a discretionary call by the trial court to depart from the guideline amount." *Id.* This is particularly true when "absent the benefit, the noncustodial parent would need to purchase the employee benefit in the market place." *Id.*

Although we agree Evergreen's corporate payment of personal expenses should not be automatically added dollar for dollar to the mathematical determination of gross income, it is clear Mike has used Evergreen's expense structure to minimize his reported income, which also minimizes his exposure to increased child support.

In the original decree, Mike agreed it was fair to recognize $15,000 as annual income from Evergreen. However, Evergreen's payment of personal expenses for two vehicles, gas, vehicle insurance, and telephones, along with paying rent to Mike's wife for an in-home office, resulted in a two-year average reported income of only $2175. But for the corporation paying for the purchase and expenses of two new vehicles, Mike and his wife would find it necessary to purchase, insure, maintain, and provide gas for motor vehicles for their personal use. Similarly, but for the corporation paying for two cell phones, Mike and his wife would find it necessary to purchase telephone service. Payment of rent to his wife for an in-home office also reduces Mike's corporate income.

Although the definition of income does not encompass adding Mike's corporation-paid personal expenses to other income prior to applying the guideline percentages, the value of such benefits can be a factor justifying a discretionary call to order more child support than provided for by the guidelines. *See id.* While we agree with Mike's contention the *Huisman* case suggests a different approach from the one employed by the trial court, we nevertheless decline his invitation to totally eliminate consideration of corporate-paid personal expenses from child support considerations. Recognizing Mike, as a corporate owner, has covered many normal personal living expenses through the corporation, we conclude equity requires the recognition of the value of corporation-paid personal expenses as a factor that could

justify a deviation from the amount of support provided in the guidelines. *See id.* at 159. On remand, the court should consider whether it is appropriate to find the guidelines amount would be "unjust or inappropriate" under the criteria established in Iowa Court Rule 9.11. *See Kupferschmidt,* 705 N.W.2d at 334.

## IV. Current on Obligation or No Exemptions.

 Mike argues the court erred in unilaterally requiring Mike to be current in his child support obligation in order to claim the children as dependents for federal and state tax purposes. We find the requirement to be equitable and, accordingly, find no error.

## V. Conclusion.

We affirm the district court's ruling Mike be current in his child support obligation in order to claim the children as dependents for tax purposes. We remand for recalculation of child support. Because the determination of child support can only be accomplished after considering the allocation of tax exemptions and any appropriate deviation from the guidelines, the trial court is free to consider these relevant issues under the new child support guidelines, which became effective July 1, 2009. Costs of appeal are taxed to Mike.

**AFFIRMED IN PART AND REMANDED.**