# IN THE COURT OF APPEALS OF IOWA

No. 18-2104
Filed August 7, 2019

IN RE THE MARRIAGE OF BRIAN MATTHEW PIERCE
AND SUZANNE MARIE PIERCE

Upon the Petition of
BRIAN MATTHEW PIERCE,
        Petitioner-Appellee,

And Concerning
SUZANNE MARIE PIERCE, n/k/a SUZANNE MARIE BILLETER,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.

        Suzanne Billeter appeals the denial of her petition to modify a dissolution-

of-marriage decree. **AFFIRMED.**

        Steven L. Cooper of Cooper, Goedicke, Reimer & Reese, P.C., West Des

Moines, for appellant.

        Brian Matthew Pierce, Urbandale, pro se appellee.

        Considered by Vaitheswaran, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Suzanne Billeter filed a petition to modify the legal-custody, physical-care, and child-support provisions of the April 2008 decree dissolving her marriage to Brian Pierce.[1]  Brian failed to answer her petition and failed to participate in any pretrial procedures.  The district court entered an order finding Brian in default and setting a hearing for Suzanne to prove-up the elements of her petition.  Brian appeared at the hearing, without counsel.  Suzanne appeared with counsel.  The district court explained it would accept testimony from both parties but explained the prove-up hearing was scheduled for only one hour.  The court inquired of Suzanne's counsel if that was enough time and received an affirmative response.  The court also said, "I guess if we don't get it done, we can always reschedule it."  Both parties testified.  At the conclusion, the parties summarized their requests.  Neither party requested additional time to present evidence.

The district court made thorough findings of fact and conclusions of law.  The court ruled that Suzanne had failed to carry her burden to prove "a permanent, substantial and material change in circumstances to justify modifying the decree by giving [Suzanne] primary physical care."  The court modified Brian's visitation schedule from that contained in the decree to the schedule the parties had been following by agreement.  The court modified child support to comport with the parties' current incomes.

In response to Suzanne's motion to reconsider, enlarge, or amend, the court entered an order enlarging its findings but denying any change in disposition.

---

[1] Brian did not file a brief in this appeal.

Suzanne's motion alternatively requested a new trial to present additional evidence. Although Suzanne did not expect Brian to appear at the prove-up hearing, she did not claim the evidence she wished to present at a new trial was newly discovered. In its ruling, the court noted that at the conclusion of the prove-up hearing, Suzanne did not request additional time to present other testimony, nor did she indicate that Brian's testimony was a surprise to her. The court denied the request for a new trial.

Suzanne appeals, arguing the court erred in: (1) not finding a substantial and material change in circumstance to modify custody and physical care, (2) finding a substantial change in circumstance to modify child support, and (3) not granting a new trial.

Our review of the first two issues is de novo. *See In re Marriage of Wade*, 780 N.W.2d 563, 565 (Iowa Ct. App. 2010). We find the district court correctly determined Suzanne failed to carry her burden of proof to modify legal custody and physical care. We find no error in the court's finding of a substantial change in circumstance to support modifying child support. We affirm the first two issues by memorandum opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (d), (e).

Our review of the ruling on the request for a new trial is for an abuse of discretion, our most deferential standard of review. *Foggia v. Des Moines Bowl-O-Mat, Inc.*, 543 N.W.2d 889, 891 (Iowa 1996); *see State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). In her motion to reconsider, enlarge, or amend, Suzanne asked for a new trial while simultaneously asserting she had been denied a trial, the prove-up hearing was insufficient, and she should have been given the

opportunity for a full trial. On appeal, she only argues the latter point, not specifically calling it a new trial, but "a trial."

By whatever name, Suzanne was on notice the prove-up hearing was her opportunity to prove the elements of her petition. The court recited that clearly at the commencement of the hearing. Because Brian's appearance at the hearing was a surprise, the court specifically asked counsel for Suzanne if an hour was enough time and offered to allow rescheduling if the allotted time was not enough. Suzanne rested her case without requesting additional time or another hearing. Thus, she waived her right to further hearing or a longer trial.

Even if we did not find she waived further hearing, the essence of the evidence Suzanne claims on appeal she would present in a "new trial" was presented at the prove-up hearing. While she might present cumulative evidence and perhaps the testimony of the parties' fourteen-year-old child, the district court thoroughly considered the evidence presented and made detailed findings of fact that showed the complaints Suzanne had concerning Brian's conduct as a parent did not rise to the level of justifying a custody modification.

In considering the motion for a new trial, the district court noted Suzanne did not claim she had newly-discovered evidence to present. Although her argument might be characterized as based on some surprise that Brian appeared at the hearing, she did not move to continue or ask for more time prior to the case being submitted to the district court for decision.

We find the district court did not abuse its discretion in denying Suzanne's motion for a new trial.

**AFFIRMED.**