# IN THE COURT OF APPEALS OF IOWA

No. 21-0579
Filed April 27, 2022

IN RE THE MARRIAGE OF TODD MICHAEL LAHR
AND LAURIE JEAN LAHR, n/k/a LAURIE JEAN LUKES

Upon the Petition of
**TODD MICHAEL LAHR,**
        Petitioner-Appellee,

**And Concerning**
**LAURIE JEAN LAHR, n/k/a LAURIE JEAN LUKES,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

Judge.


        Laurie Lahr appeals the award of spousal and child support in her

dissolution action. **AFFIRMED.**


        Danni J. Harris of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

        Stacey N. Warren of CashattWarren Family Law, P.C., Des Moines, for

appellee.


        Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**MAY, Judge.**

The district court dissolved the marriage of Laurie Lahr and Todd Lahr. Laurie appeals the district court's award of child and spousal support. We affirm.

Laurie and Todd were married in 2001. They had two children. In 2018, Todd petitioned for dissolution. The primary issues at trial were child and spousal support. In its initial decree, the district court calculated Todd's earning capacity at $100,000 and set spousal and child support accordingly. Todd filed an Iowa Rule of Civil Procedure 1.904(2) motion to reconsider. After reconsideration, the district court concluded that evidence of Todd earning $100,000 annually was too "speculative and conjectural." The district court determined Todd's income was equal to his actual current salary—$48,000 per year—and recalculated the support awards accordingly. Laurie appealed.

Although our review is de novo, Iowa R. App. P. 6.907, we give weight to the trial court's fact findings, especially when considering the credibility of witnesses. Iowa R. App. P. 6.904(3)(g). Here Laurie advances a narrow argument that we should find Todd's earning capacity is $100,000 "for the purposes of calculating child support" and "spousal support."[1] *But see* Iowa Ct. R. 9.11(4)(d) ("The court shall not use earning capacity rather than actual earnings or otherwise impute income [when calculating child support] unless a written determination is made that, if actual earnings were used, substantial injustice would occur or adjustments would be necessary to provide for the needs of the child(ren) or to do justice between the parties.").

---

[1] Laurie also mentions the district court's award of trial attorney fees in passing. We find no abuse of discretion in this award.

Based on our de novo review, with appropriate deference to the trial court and its implicit credibility findings, we conclude $48,000 per year is an appropriate determination of Todd's income and earning capacity. To begin, we adopt the district court's finding that Todd's current salary at Bedrock Concrete is $48,000. And while it is true that Todd has sometimes been "self-employed" in the concrete industry, we cannot say he made substantially more income in that pursuit. The parties' joint tax returns show that Todd's pre-tax business earnings were: $35,347 in 2015; $36,086 in 2016; *a loss* of $77,515 in 2017; $124,830 in 2018; and $45,775 in 2019. As the district court noted, "In only one year from 2015 to 2019 did Todd report" pre-tax earnings "exceeding $100,000. His average self-employment earnings during that five-year period was $32,905." And although Laurie claims that the parties' joint tax returns reflected "overinflate[ed] . . . business expenses," Laurie does not suggest that corrected returns have been filed. Also, as the district court noted, Laurie has not presented a specific calculation of net income with adjusted deductions. Similarly, although Todd concedes that he still performs some side jobs, we think the district court was justified in concluding that it "simply [did] not have before it the evidence necessary to make a valid determination as to the amount of Todd's current income from side jobs, if any."

All things considered, we believe the district court fulfilled its responsibility to evaluate Todd's income based upon "the most reliable evidence presented." *See In re Marriage of Wade*, 780 N.W.2d 563, 566 (Iowa Ct. App. 2010). So we affirm the district court's determination. And after considering the relevant factors,

we decline to grant appellate attorney fees. *See In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013) (noting relevant factors).

**AFFIRMED.**