**IN THE COURT OF APPEALS OF IOWA**

No. 24-0790
Filed July 23, 2025

IN RE THE MARRIAGE OF KATHLEEN R. SISSON
AND RYAN L. SISSON

Upon the Petition of
KATHLEEN R. SISSON,
      Petitioner-Appellee,

And Concerning
RYAN L. SISSON,
      Respondent-Appellant.
_____

Appeal from the Iowa District Court for Washington County, Shawn Showers, Judge.

A husband appeals the district court's order setting his temporary child support obligation and denying his request for temporary spousal support. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Natalie Hope Cronk of Kennedy Law Firm PC, Iowa City, for appellant.

Joseph C. Pavelich of Spies & Pavelich, Attorneys, Iowa City, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

In this dissolution-of-marriage case, the district court ordered the husband to pay $1000 per month in temporary child support and denied the husband's request for temporary spousal support. The husband appeals.

The husband contends: (1) the district court erred in setting temporary child support at $1000 per month because the court made no finding as to the husband's income and (2) the district court erred in not ordering the wife to pay temporary spousal support. Our review is de novo. *In re Marriage of Sherwood*, 995 N.W.2d 522, 526 (Iowa Ct. App. 2023) (applying de novo review to temporary spousal support determination); *In re Marriage of Redenius*, No. 21-0593, 2022 WL 946206, at *1 (Iowa Ct. App. Mar. 30, 2022) (applying de novo review to temporary child support determination). The wife asks us to affirm the district court and order the husband to pay her appellate attorney fees.

## I. Temporary Child Support

We start with the child-support issue. Child support is determined by applying the child-support guidelines. *In re Marriage of Hilmo*, 623 N.W.2d 809, 811 (Iowa 2001); *see also* Iowa Code § 598.21B(2)(c) (2023) (creating a rebuttable presumption that the amount of child support resulting from application of the guidelines is the correct amount). To apply the guidelines, the court must first determine each parent's income. Iowa Ct. R. 9.14(1); *In re Marriage of Wade*, 780 N.W.2d 563, 566 (Iowa Ct. App. 2010).

As is frequently the case with hearings to determine temporary support, the determination was made based on affidavit. Via their affidavits, the parties agreed that the wife's gross annual income was $90,000. They disputed the husband's

gross annual income, with the wife asserting he earned $90,000 and the husband asserting he made $42,000. Unfortunately, the district court never resolved this dispute. Rather than making a finding as to the husband's income and calculating temporary child support accordingly, it simply ordered the husband to pay $1000 per month of temporary child support—an amount between the wife's proposed figure assuming the husband's annual income of $90,000 and the husband's proposed figure assuming his annual income of $42,000. And the court neglected to rule on the husband's request for temporary spousal support.

The husband filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) asking the court to state the fact findings supporting its temporary child-support determination and to rule on the husband's request for temporary spousal support. In ruling on the motion, the court denied the request for temporary spousal support and stated its reasons for doing so. But it did not enlarge its ruling to include findings as to the husband's income for purposes of determining child support.

We acknowledge the parties provided minimal evidence regarding their respective incomes to enable the district court to resolve the dispute over the husband's income. Nevertheless, "[t]he court must determine the parent's current monthly income from the most reliable evidence presented." *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991). Its failure to do so leaves us with nothing to review. Even though conducting de novo review enables us to find facts anew, it is our role to review determinations made by the district court, not make original fact findings. *See In re Marriage of Mahoney*, No. 21-0958, 2022 WL 951087, at *2–3 (Iowa Ct. App. Mar. 30, 2022) (remanding for written

findings on whether it would be appropriate to deviate from the child-support guidelines due to husband's purported payment of personal living expenses from corporate funds). Because no factual findings were made to support the temporary child-support determination, we reverse the temporary child-support provisions of the court's order and remand for entry of an order setting the husband's temporary child-support obligation after making specific findings regarding the income of both parties and applying the child-support guidelines accordingly. On remand, the husband's temporary child-support order must be set at $1000 or lower, as the wife cannot obtain a more favorable outcome following the husband's appeal, as she did not cross appeal. *See In re Marriage of Shilkaitis*, No. 23-1243, 2024 WL 3515854, at *2 (Iowa Ct. App. July 24, 2024).

## II.    Temporary Spousal Support

As to the husband's challenge to the denial of his request for temporary spousal support, we note that unlike child support, which is calculated pursuant to established guidelines, spousal support is determined based on the unique facts and circumstances of each case. *See In re Marriage of Pazhoor*, 971 N.W.2d 530, 537 (Iowa 2022). In considering a grant of temporary spousal support, the court must consider "the age of the applicant, the physical and pecuniary conditions of the parties, and other matters as are pertinent." Iowa Code § 598.11(1). That is what the district court ultimately did here.

In its original temporary support order, the district court did not address spousal support. But in response to the husband's rule 1.904(2) motion, the court denied the husband's request, explaining that it found the parties were of "similar ages, physical health, [and] earning capacities" such that "temporary spousal

support is not warranted." While the explanation was brief, it reflects the court's consideration of appropriate statutory factors. Following our de novo review, we agree with the district court's findings and reasoning. So, we affirm the district court's denial of the husband's request for temporary spousal support.

## III. Appellate Attorney Fees

The wife requests an award of appellate attorney fees. Such an award is not a matter of right but lies within this court's discretion. *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). In exercising that discretion, we consider the requesting party's financial need, the other party's ability to pay, and whether the requesting party was required to defend the district court's decision on appeal. *Id.* While the wife was obligated to defend the district court's ruling, the remaining factors do not support an award of appellate attorney fees. Accordingly, we deny the wife's request.

## IV. Conclusion

In conclusion, we affirm the district court's ruling denying the husband's request for temporary spousal support. As to the district court's temporary child support order, we reverse and remand for further proceedings to resolve the dispute over the husband's income and, after making written findings as to the husband's income, calculate a new temporary child support amount not to exceed $1000 per month. We deny the wife's request for appellate attorney fees. Fifty percent of the costs of appeal shall be assessed to each party.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**